UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIONEL GIBSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:21-cv-02857-TWP-TAB |
| MARK SEVIER, | ) ) ) |
| Respondent. | ) ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Lionel Gibson ("Gibson") filed a Petition for a Writ of Habeas Corpus challenging a New Castle Correctional Facility disciplinary proceeding identified as NCN 20-11-0004 (Dkt. 1). Gibson maintains that there was insufficient evidence to support his disciplinary conviction; and (2) that he was denied an impartial decision maker. For the reasons explained in this Order, Gibson's petition is **denied.**

### I.   STANDARD OF REVIEW

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.     THE DISCIPLINARY PROCEEDING

On November 6, 2020, Officer Barry Privett issued a Report of Conduct ("Conduct Report") charging Gibson with a violation of Offense Code B 212 for battery. (Dkt. 9-1 at 1.) The Conduct Report states:

> The following conduct report has been issued to offender Lionel Gibson, #104608, based on the investigation from 11/1/2020 through 11/6/2020 for violation of Adult Disciplinary policy B-212, Battery. This conduct report is based on information gathered in confidential case file 2020-NCF-0027. During the course of the investigation, NCF [O]ffice of Investigations and Intelligence (OII) determined Gibson entered IDOC offender Elias Dorsey['s], #273728 cell, M2-211 and battered him.
>
> A review of M2 video surveillance recording on 11/1/2020 [p]hotos were taken of Dorsey's injuries immediately after he was discovered by Sgt. Ndiaye. The injuries appeared to be fresh/new. The following injuries were noted on Dorsey's Medical report on Injuries/Non-Injuries dated 11/1/2020 @ 11:30 a.m.; Superficial scratch behind left ear, Right side upper lip swollen, Right side of right eye swollen, laceration on inside of bottom lip-right side. A review of M2 video surveillance revealed Gibson and offender Alton Moss, #207893 exited their cell, M2-204 at 8:59:28 a.m. and crossed over to upper tier on the opposite side of the pod, cell 209-216 side. Gibson entered cell M2-211 at 8:59:53 a.m. Moss followed Gibson onto the right side upper tier and walked directly to cell M2-211 and appeared to look into the cell through the cell door window. Moss did not enter the cell but instead walked to the rear of the upper tier and stood in the vicinity of cell 209. At 9:00:10 a.m., Moss walked to M2-211 cell door, opened it and appeared to pull/assist Gibson out of the cell and onto the right side upper tier of M2. Both returned to the left upper tier and immediately entered their assigned cell, M2-204. At approximately 9:07 a.m., while securing the upper tier cell doors, Sgt. Ndiaye discovered Dorsey bleeding from his injuries inside cell 211. After securing the pod, Dorsey was escorted out of M2 to O3 at approximately 9:17 a.m. Photos were taken of Dorsey's injuries immediately after he was discovered by Sgt. Ndiaye. The injuries appeared to be fresh/new.
>
> A review of Moss's GTL phone account revealed during a phone call on 10/31/2020 @ 1:35 p.m., Moss and Gibson were overheard in [] the background of the call discussing Gibson's intention to assault Dorsey the next day, 11/1/2020. Gibson was plainly heard saying to Moss, "I need you to do me a favor tomorrow." Gibson said, "I'm going to whup the shit out of that ole boy."
>
> By committing a battery against another offender resulting in bodily injury, Gibson did violate code B-212 of the Adult Disciplinary policy. Gibson was advised he would be receiving a conduct report.

*Id*.

On November 9, 2020, Gibson was notified of the charges and he pled not guilty. (Dkt. 9-8.) Gibson requested to call Dorsey, the inmate who was battered, to ask, "Did I assault you?" *Id*. When asked, Dorsey stated, "I don't know who this person is." (Dkt. 9-14.) Gibson also requested a copy of the video evidence. (Dkt. 9-8.) On November 13, 2020, the disciplinary hearing officer ("DHO") reviewed the video and submitted a Report of Disciplinary Hearing Video Evidence Review. The reports states, in relevant part:

> On 11/1/2020 at 08:59:28 two offenders exit cell M2-204. At 08:59:53 an offender from M2-204 enters cell M2-211. The other offender from M2-204 follows to the right side upper tier but does not enter the cell. He looks in the cell window and then hangs back around cell M2-209. At 09:00:10 he walks back to cell M2-211 and pulls the other offender out. Then both offenders walk back to cell M2-204.

(Dkt. 9-12 at 2.)

A hearing was held on November 24, 2020, and Gibson again plead not guilty. (Dkt. 9-11.) The DHO found Gibson guilty based on staff reports, Gibson's statements, physical evidence (*e.g.*, Report of Investigation, Serious Incident Report, photographs, the victim's body sheet, GTL telephone conversations), and video evidence. *Id*. Gibson received a loss of 90 days of earned credit time, which was suspended, and a one credit class demotion. *Id*.

### III.   ANALYSIS

Gibson challenges his prison disciplinary conviction on two grounds: (1) that there was insufficient evidence to support his disciplinary conviction; and (2) that he was denied an impartial decision maker.

**A.   Sufficiency of the Evidence**

Gibson alleges there was insufficient evidence to find him guilty of battery on an inmate. (Dkt. 1 at 3.) Challenges to the sufficiency of the evidence are governed by the "some evidence"

standard.  "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274.  In assessing whether there is some evidence – any evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses.  *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.").

Here, the Conduct Report, (Dkt. 9-1), the Report of Disciplinary Hearing Video Evidence Review, (Dkt. 9-12 at 2), and the audio and video evidence, (Dkt. 12), provide sufficient evidence to conclude Gibson committed battery against another inmate.  The Conduct Report notes that Gibson and Moss exit their cell and Gibson then enters Dorsey's cell while Moss stands guard. (Dkt. 9-1.)  Next, Moss pulls Gibson out of Dorsey's cell and the pair return to their cell.  *Id*. Minutes later a correctional officer discovers Dorsey inside his cell with visible bruises and blood on his person.  *Id*. *See also* Dkt. 9-13 at 1-3.  This account is corroborated by Report of Disciplinary Hearing Video Evidence Review (Dkt. 9-12 at 2).  Moreover, this Court has reviewed the audio and video evidence and finds that it supports the staff reports.  (*Compare* Dkts. 9-1 and 9-12 at 2 *with* Dkt. 12.)  As a result, Gibson's claim must fail.

B.  **Impartial Decision Maker**

Gibson also argues that he was denied an impartial decision maker.  (Dkt. 1 at 3-4.)  A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker.  *Hill*, 472 U.S. at 454.  A "sufficiently impartial" decisionmaker is necessary to shield the prisoner from the arbitrary deprivation of his liberties.  *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam).  Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary.  *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v.*

*Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the constitutional standard for impermissible bias is high. *Piggie*, 342 F.3d at 666. Hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

In this case, Gibson does not allege the DHO was a part of the investigation into the battery against Dorsey. Rather, he alleges the DHO was improperly influenced by the warden to bring battery charges instead of resolving the matter as mutual combat. (Dkt. 1 at 4.) Gibson may disagree with the DHO's ultimate decision, but the DHO has the discretion to give greater weight to the Conduct Report and the audio and video evidence than to his theory of the incident. Finally, the Report of Disciplinary Hearing shows that the DHO documented at least seven different statements made by Gibson during his disciplinary hearing, which shows the DHO gave Gibson's arguments due consideration. (Dkt. 9-11.) As a result, Gibson's claim must fail.

To the extent Gibson is arguing the DHO failed to bring charges within the time frame outlined in the prison's policies, that claim must also fail. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less

warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

## IV.   CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus, Dkt. [1], is **DENIED**, and this action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/6/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Lionel Gibson, #104608
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana  47362

Monika P. Talbot
OFFICE OF THE INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov

6